```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

DAYBREAK, INC. d/b/a HUBER &          )
ASSOCIATES,                           )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    Civil No. 2012-76
                                      )
THOMAS FRIEDBERG, SARAH L. BUNGE, LAW )
OFFICES OF FRIEDBERG & BUNGE, and     )
MERRILL LYNCH CREDIT CORPORATION,     )
                                      )
        Defendants.                   )
                                      )
                                      )
THOMAS F. FRIEDBERG and SARAH L.      )
BUNGE,                                )
                                      )
        Counterclaimants,             )
                                      )
        v.                            )
                                      )
DAYBREAK INC. d/b/a HUBER &           )
ASSOCIATES,                           )
                                      )
        Counterclaim Defendant.       )
                                      )
                                      )
THOMAS F. FRIEDBERG and SARAH L.      )
BUNGE,                                )
                                      )
        Third-Party Plaintiffs,       )
                                      )
        v.                            )
                                      )
BARRY R. HUBER,                       )
                                      )
        Third-Party Defendants.       )
                                      )
```

**APPEARANCES:**

**Emily A. Shoup, Esq.**
Law Office of Andrew C. Simpson
Christiansted, VI
   *For the plaintiff/counterclaim defendant Daybreak, Inc. d/b/a Huber & Associates, and the third-party defendant Barry R. Huber,*

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
   *Pro se and for the defendant/counterclaimant/third-party plaintiff Sarah L. Bunge, and the defendants Law Offices of Friedberg & Bunge and Merrill Lynch Credit Corporation.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff/counterclaim defendant, Daybreak Inc. d/b/a Huber & Associates ("Daybreak"), to remand this matter to the Superior Court of the Virgin Islands (the "Superior Court"), from whence it came. The defendants/counterclaimants/third-party plaintiffs Thomas F. Friedberg ("Friedberg") and Sarah L. Bunge ("Bunge"), as well as the defendants Law Offices of Friedberg & Bunge (the "Friedberg Law Firm") and Merrill Lynch Credit Corporation (collectively, the "Defendants") oppose the motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Friedberg and Bunge are the owners of certain real property, described as Plot No. 168, Estate Chocolate Hole, No. 11 Cruz Bay Quarter, St. John, United States Virgin Islands (the "Property").

On or about May 7, 2010, Friedberg, Bunge, and the Friedberg Law Firm entered into a contract with Daybreak to install copper roofing on various structures on the Property (the "Contract"). In exchange, Friedberg, Bunge, and the Friedberg Law Firm agreed to pay $187,839. The Contract also contained terms regarding the rate at which Daybreak would be compensated in the event additional work was required.

As it turned out, the total square footage of roofing needed was significantly more than what had been originally contemplated in the Contract. Daybreak claims that, given the additional work required, it is entitled to $235,480.29 under the terms of the Contract. Friedberg, Bunge, and the Friedberg Law Firm paid a portion of this sum. However, Daybreak claims they still owe $31,316.51.

Daybreak initiated this action on December 21, 2010, in the Superior Court of the Virgin Islands. Daybreak sought damages for breach of contract and to foreclose on its alleged construction lien over the Property. In addition to Friedberg, Bunge, and the Friedberg Law Firm, Daybreak named as a defendant Merrill Lynch Credit Corporation, because it had a lien over the property.

The Defendants initially responded to Daybreak's complaint by filing a motion to dismiss. That motion was denied on September 13, 2012. Thereafter, on September 30, 2012, the

Defendants filed an answer and four counterclaims for breach of contract, breach of warranty, negligence, and fraud. Each counterclaim asserts damages "in excess of $75,000." (Answer & Countercl. ¶¶ 13, 18, 21, 27.) On that same day, the Defendants also removed this action to this Court.

Daybreak now moves to remand this matter back to the Superior Court for want of subject-matter jurisdiction. The Defendants oppose the motion.

## II.  DISCUSSION

Defendants may remove any civil action brought in a State or Territorial court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Ordinarily, a district court has jurisdiction "over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. Apr. 18, 2011) (quoting 28 U.S.C. §§ 1331, 1332(a))

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "The defendant, as the removing party asserting jurisdiction, bears the burden of showing that the case is properly in federal court." *Rohn &*

*Carpenter, LLC v. Cameron*, Civ. No. 11-45 (AET) 2011 WL 3687626, at * 2, (D.V.I. Aug. 19, 2011) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III. ANALYSIS

Daybreak contends that the amount in controversy in this case does not exceed $75,000, and thus, given the absence of any federal question, this court lacks jurisdiction over the subject matter.

As a general rule, the amount in controversy "is determined from the good faith allegations appearing on the face of the complaint. A complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) (citing *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)) (internal citations omitted).

In its Complaint, Daybreak seeks only $31,316.51 in monetary damages. This sum being less than $75,000, the amount-in-controversy requirement of diversity jurisdiction would ordinarily not be satisfied. However, the Defendants submit that

the damages sought in their counterclaims may also be considered in calculating whether the amount-in-controversy requirement has been satisfied.

Federal courts have consistently declined to consider damages pleaded in a permissive counterclaim as providing the necessary amount in controversy for removal of a diversity action. *See Merchants' Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 286, 287 (1907); *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 691 (D.N.J. 1998); *Iowa Lamb Corp. v. Kalene Indus., Inc.*, 871 F. Supp. 1149, 1156 (N.D. Iowa 1994). "Federal Courts, however, are split when the counterclaim brought by the defendant is compulsory under state law." *Indep. Mach. Co.*, 991 F. Supp. at 691 (refusing to consider damages in compulsory state-law counterclaims); *see also Continental Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F. Supp. 668 (same); *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F. Supp. 613 (S.D. Tex. 1995) (same); *Iowa Lamb Corp.*, 871 F. Supp. at 1156 (same); *Martin Pet Prods. v. Lawrence*, 814 F. Supp. 56 (D. Kan. 1993) (same); *but see Swallow & Assoc. v. Henry Molded Prods., Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992) (permitting removal based on dollar amount of compulsory counterclaim); *Congaree Broadcasters, Inc. v. TM Prgramming, Inc.*, 436 F. Supp. 258 (D.S.C. 1977) (same); *Lange v. Chicago, R.I. & Pac R. Co.*, 99 f. Supp. 1 (S.D. Iowa 1951) (same).

The Court of Appeals for the Third Circuit has yet to squarely address this issue. However, in *Spectacor Management Group v. Brown*, 131 F.3d 120 (3d Cir. 1997), the Third Circuit was faced with a related question when the parties disagreed about whether the damages sought in the plaintiff's complaint were sufficient to satisfy the amount-in-controversy requirement. In that case, which was initiated in federal court, the defendant had made a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13 ("Rule 13"). The Third Circuit held that the amount of a compulsory counterclaim, brought pursuant to Rule 13, "may be considered in determining if the amount in controversy exceeds the statutory requirement for [original] diversity jurisdiction." *Id.* at 121; *see also Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, 153 F. App'x 93, 94 n.1 (3d Cir. 2005) (noting that the amount-in-controversy requirement was satisfied because the defendant brought a Rule 13 counterclaim seeking $675,000 in damages).

At the same time, the Third Circuit in *Spectacor* was careful to note that "removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction." 131 F.3d at 125. It further cautioned "that removal jurisdiction must . . . be narrowly construed in favor of the non-removing party to prevent . . . encroachment on the

right of state courts to decide cases properly before them." *Id.* at 126.

In light of this language, district courts in this Circuit have consistently held that *Spectacor* does not apply to a state-law compulsory counterclaim. *See, e.g., Indep. Mach. Co.*, 991 F. Supp. at 693; *Leeb v. Allstate Indem. Co.*, No. 09-3160 (MAM), 2009 WL 2448560, at *1 (E.D. Pa. Aug. 3, 2009); *Neschen v. Grafix Solutions, Inc.*, Civil Action No. 11-06748 (JAP), 2011 WL 5870965 at *1 (D.N.J. Nov. 22, 2011). Instead, courts in this circuit have agreed "with the line of decisions holding that a case cannot be removed based upon damages pled in a compulsory counterclaim." *Indep. Mach. Co.*, 991 F. Supp. at 693 (collecting cases); *see also Leeb v. Allstate Indem. Co.*, No. 09-3160 (MAM), 2009 WL 2448560, at *1 (E.D. Pa. Aug. 3, 2009) (same); *Neschen v. Grafix Solutions, Inc.*, Civil Action No. 11-06748 (JAP), 2011 WL 5870965 at *1 (D.N.J. Nov. 22, 2011) (same).

This Court agrees with the decisions of its sister districts that diversity jurisdiction cannot be established in the removal context by the damages sought in a compulsory counterclaim. This approach is "more consistent with the well-pleaded complaint rule" because it focuses the inquiry "solely [on] the allegations contained in the plaintiff's complaint." *Indep. Mach. Co.*, 991 F. Supp. at 693; *cf. Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952) (holding that defenses

Case: 3:12-cv-00076-CVG-RM   Document #: 31   Filed: 05/01/13   Page 9 of 9

Daybreak v. Tolledo, et al.
Civil No. 2012-76
Memorandum Opinion
Page 9

and counterclaims that implicate federal law are normally insufficient to confer federal jurisdiction). This approach is also more consistent with the policy of construing removal statutes narrowly. *See Spectacor*, 131 F.3d at 126; *Briscoe*, 448 F.3d at 217 ("[R]emoval statutes are to be strictly construed against removal . . . ."); *Batoff*, 977 F.2d at 851 (same). Accordingly, the Court will not consider the damages sought in the Defendants' counterclaims.[1]

As noted above, it is undisputed that Daybreak in its complaint seeks damages only in the amount of $31,316.51. The damages sought are thus less than $75,000. The amount in controversy is therefore less than the threshold amount required in order for this Court to exercise jurisdiction on the basis of diversity of citizenship. There being no other basis for the exercise of federal jurisdiction, this matter must be remanded to the Superior Court of the Virgin Islands.

An appropriate order follows.

S\_____
Curtis V. Gómez
Chief Judge

---

[1] The Court expresses no opinion as to whether the Defendants' counterclaims are in fact compulsory under Virgin Islands law. Indeed, it is not necessary to reach this issue given the Court's holding that the damages sought in the counterclaims could not be considered in determining whether the amount-in-controversy requirement is satisfied, even if the counterclaims were compulsory.