FOR PUBLICATION

```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

DAYBREAK, INC. d/b/a HUBER &            )
ASSOCIATES,                             )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )   Civil No. 2012-76
                                        )
THOMAS FRIEDBERG, SARAH L. BUNGE, LAW   )
OFFICES OF FRIEDBERG & BUNGE, and       )
MERRILL LYNCH CREDIT CORPORATION,       )
                                        )
        Defendants.                     )
                                        )
                                        )
THOMAS F. FRIEDBERG and SARAH L.        )
BUNGE,                                  )
                                        )
        Counterclaimants,               )
                                        )
        v.                              )
                                        )
DAYBREAK INC. d/b/a HUBER &             )
ASSOCIATES,                             )
                                        )
        Counterclaim Defendant.         )
                                        )
                                        )
THOMAS F. FRIEDBERG and SARAH L.        )
BUNGE,                                  )
                                        )
        Third-Party Plaintiffs,         )
                                        )
        v.                              )
                                        )
BARRY R. HUBER,                         )
                                        )
        Third-Party Defendants.         )
                                        )
```

**APPEARANCES:**

**Emily A. Shoup, Esq.**
Law Office of Andrew C. Simpson
Christiansted, VI
>   *For the plaintiff/counterclaim defendant Daybreak, Inc.*
>   *d/b/a Huber & Associates, and the third-party defendant*
>   *Barry R. Huber,*

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
>   *Pro se and for the defendant/counterclaimant/third-party*
>   *plaintiff Sarah L. Bunge, and the defendants Law Offices of*
>   *Friedberg & Bunge and Merrill Lynch Credit Corporation.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff/counterclaim defendant Daybreak, Inc., doing business as Huber & Associates, ("Daybreak") for attorneys' fees[1] and costs.

---

[1] Before addressing the merits of the fee petition, the court must address a threshold issue of style. Is Flagstar's petition best read as a request for its (1) "attorney fee;" (2) attorney fees;" (3) "attorney's fee;" (4) "attorney's fees;" (5) "attorneys fee;" (6) "attorneys fees;" (7) "attorneys' fee;" or (8) attorneys' fees;"? In this district, the issue is one of first impression, but it has been addressed by several other courts. *See Hobbs v. Blue Cross Blue Shield*, 276 F.3d 1236, 1239 n.2 (11th Cir. 2001) (holding "attorney's fees" is proper use, except when quoting other authorities); *Haymond v. Lundy*, 205 F. Supp. 2d 403, 406 n.2 (E.D.Pa. 2002) (following the Supreme Court style manual by using "attorney's fees."); *but see Ridder v. City of Springfield*, 109 F.3d 288, 290 n.1 (6th Cir. 1997) (surveying the "landscape" and adopting "attorney fees" as an acceptable, though possibly "inelegant," form because of its similarity to terms such as "counsel fees" or "expert witness fees"); *Stallworth v. Greater Cleveland Regional Transit Auth.*, 105 F.3d 252, 254 n.1 (6th Cir. 1997) (discussing conflicting authorities, and adopting use of "attorney fees"); *see also Walker v. Bain*, 65 F. Supp. 2d 591, 596 n.2 (E.D. Mich. 1999) (following Stallworth in using "attorney fees").

## I. FACTUAL AND PROCEDURAL BACKGROUND

In or about May, 2010, Daybreak agreed to install copper roofing on property owned by the defendants Thomas F. Friedberg ("Friedberg") and Sarah L. Bunge ("Bunge"). A dispute over Daybreak's entitlement to payment ensued.

Thereafter, on December 21, 2010, Daybreak initiated this action in the Superior Court of the Virgin Islands (the "Superior Court") against the defendants Friedberg, Bunge, Law

---

In *Haymond v. Lundy*, 205 F. Supp. 2d 403 (E.D.Pa. 2002), the District Court for the Eastern District of Pennsylvania adopted the Supreme Court's Style Manual's recommendation of "attorney's fees," although noting that the Supreme Court was not consistent in its usage of that phrasing. *Compare Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) ("attorney's fees"); *Anderson v. Johnson*, 530 U.S. 1269 (2000) ("attorneys fees"); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 ("attorney's fees"). The Third Circuit has been likewise inconsistent. *Compare Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 349 (3d Cir. 2001) ("attorney's fees"); *Foley v. IBEW Local Union 98 Pension Fund*, 271 F.3d 551, 552 (3d Cir. 2001) ("attorneys' fees"); *Zucker v. Westinghouse Elec. Corp.*, 265 F.3d 171, 172-177 (3d Cir. 2001) (using, alternately, "attorney's fees," "attorneys fees," "counsel fees," and "attorney's fee"). The Federal Rules of Civil Procedure are also inconsistent. The relevant rule, Federal Rule of Civil Procedure 54(d)(2), discusses awards of "attorney's fees." However, the Advisory Committee Notes to this subsection, added in 1993, use alternately "attorneys' fees," "attorney fees," and "attorney-fee motions."

As the *Haymond* court noted, there are a number of possible ways to resolve this confusion. For example, "vary[ing] [the] style depending on the statutory basis for the fee in question;" "vary[ing] style depending on the fee petition at issue;" or "adopt[ing] a uniform style, except for direct quotations." *Haymond*, 205 F. Supp. 2d at 406 n.2. The *Haymond* court opted for a uniform style.

Here, the underlying statute at issue in this case, V.I. CODE ANN. tit. 5, § 541, uses the phrase "attorney's fees." This is consistent with the text of Rule 54 and our sister court in the Eastern District of Pennsylvania.

On balance, the Court finds that the use of the term "attorney's fees" is appropriate. Thus, in this and all subsequent opinions, this court will use "attorney's fees" to denote those sums now under consideration. Any other usages will likely be quotations from other sources.

Offices of Friedberg and Bunge, and Merrill Lynch Credit Corporation (collectively, the "Defendants"). Daybreak sought $31,316.51 in damages for breach of contract.

The Defendants initially responded to Daybreak's complaint by filing a motion to dismiss. On September 13, 2012, the Superior Court denied that motion.

On September 30, 2012, the Defendants filed counterclaims against Daybreak asserting breach of contract, breach of warranty, negligence, and fraud. For each of these claims, the Defendants claimed damages in excess of $75,000. On that same day, the Defendants removed this action to this Court.

Daybreak then moved to remand on the ground that this Court lacked subject-matter jurisdiction. The Court addressed this motion in a May 1, 2013, Memorandum Opinion. The Court first noted that there was the requisite diversity of citizenship. However, the damages sought by Daybreak in its complaint were less than the $75,000 minimum required to trigger this court's diversity jurisdiction. The Court then considered whether the damages asserted in the Defendants' counterclaims could be included in calculating the amount in controversy. After noting that it was an issue as-yet unresolved by the Court of Appeals for the Third Circuit, the Court joined its sister districts in holding that damages asserted in state-law counterclaims could not be considered in calculating the amount in controversy.

Accordingly, the Court remanded this matter to the Superior Court.

Daybreak now moves for attorneys' fees pursuant to Title 28, Section 1447(c). The Defendants oppose the motion.

## II.  DISCUSSION

If a case is removed only to be subsequently remanded for lack of subject-matter jurisdiction, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

## III. ANALYSIS

Daybreak argues that the Defendants lacked an objectively reasonable basis for removal because the amount-in-controversy requirement was not satisfied.

The objective reasonableness standard does not require a showing that the defendant's position was "frivolous" or "without foundation." *Martin*, 546 U.S. at 138-39 (rejecting

theses formulations). Although the Supreme Court has not offered a precise definition of "objective reasonableness," lower courts have looked to "the clarity of the law at the time the notice of removal was filed." *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir. 2007). Several Courts of Appeal have borrowed the test from the qualified-immunity doctrine, and held that "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott*, 492 F.3d at 793; *see Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (applying standard articulated in *Lott*); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (discussing *Lott* with approval); *see also First American Title Insurance Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64 (3d Cir. 2010) (holding that removal was objectively reasonable even though defendants were citizens of the same state, when removing defendant had colorable argument that codefendant's interests were aligned with plaintiff because it was only named in the case as a potential indemnitor of the plaintiff).

In *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007), the defendant sought removal under the Class Action Fairness Act, which required diversity of citizenship to be present at the time the action was "commenced." The district court remanded the matter, after holding that the term "commenced" referred to the

date the state proceeding, rather than the federal proceeding, began. On appeal, the Court of Appeals for the Seventh Circuit affirmed the district court's decision to remand but reversed its award of attorneys' fees. The court noted that, at the time the defendant filed its notice of removal, "no circuit court had rejected [the] argument that the word 'commenced' means the date on which a case is removed to federal court." *Id.* at 793. Moreover, the Court noted that although some district courts had rejected the defendant's position, others had accepted it. The Court concluded that "[d]istrict court decisions, let alone conflicting district court decisions, do not render the law clearly established." *Id.* The Court thus held that the defendant's removal was not objectively unreasonable.

Likewise, in the present case, no Court of Appeals had squarely addressed whether state-law compulsory counterclaims ought be considered in calculating the amount-in-controversy in the removal context. To be sure, as this Court noted in its May 1, 2013, Memorandum Opinion, the Third Circuit has stated that removal jurisdiction is to be "narrowly construed," and other district courts in this Circuit have held that state-law counterclaims may not be considered. (*See* May 1, 2013, Mem. Op. 8 (collecting cases)). However, other districts have permitted removal based on the dollar amount of state law compulsory counterclaims. *See, e.g.*, *Swallow & Assoc. v. Henry Molded*

*Prods., Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992); *Congaree Broadcasters, Inc. v. TM Programming, Inc.*, 436 F. Supp. 258 (D.S.C. 1977); *Lange v. Chicago, R.I. & Pac. R. Co.*, 99 F. Supp. 1 (S.D. Iowa 1951). Moreover, this Court had not previously opined on whether such counterclaims may be included in the amount in controversy.

Given the absence of clearly established law on this issue, the Court is unpersuaded that the Defendants lacked an objectively reasonable basis for removal. Although arguably a closer case than *Lott*, the fact that this Court's sister districts have uniformly rejected the Defendants' position is, at best, inconclusive. *See Lott*, 492 F.3d at 793 ("District court decisions . . . do not render the law clearly established.") Critically, the issue remains unresolved by the Third Circuit or, indeed, any other Court of Appeals. The Court thus finds that the law at the time of removal was not sufficiently clearly established to render the removal unreasonable.

The premises considered, it is hereby

**ORDERED** that Daybreak's motion for attorneys' fees is **DENIED.**

S\_____
**Curtis V. Gómez**
**Chief Judge**